**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY KEITH SOHN, | ) | |
| Reg #34152-044 | ) | |
|    Petitioner, | ) | **Case No. 2:10-CV-00029 BRW-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| T C OUTLAW, Warden, FCI – Forrest City | ) | |
| | ) | |
|    Respondent. | | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Randy Sohn for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (DE # 1).  Petitioner claims that he has been deprived of his due process rights, as a result of a disciplinary action taken against him during his confinement.  Petitioner seeks equitable relief, up to and including vacation of the disciplinary action.  Respondent has filed a response contending that the Petition should be denied.  (DE # 11).

## Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City).  He was sentenced by Judge Henry Autrey in the United States District Court for the Eastern District of Missouri to 121 months, with 5 years supervised release, for conspiracy to distribute and possess with intent to distribute in excess of 50 grams or

more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. *United States v. Moore et al.*, Case No. 4:07-cr-00351-HEA-3 (E.D. Mo. Dec. 6, 2007).

Counselor T.J. Houston reported observing Inmate Jordan[1] making a phone call using Petitioner's identification number ("PAC number"), on December 3, 2008, while monitoring the inmate telephone system.  On December 23, 2008, Petitioner received notice that he was being charged with violation of Code 297, use of the telephone for abuses other than criminal activity. 28 C.F.R. § 541.3, Table 1.  On February 5, 2009, Petitioner appeared before the Discipline Hearing Officer (DHO); he sought no staff representation or witnesses, and he admitted to the charges.  Petition was found to have committed the act as charged, and he was sanctioned.

Petitioner appealed the findings of the DHO through the Administrative Remedy Program, and the decision was upheld at both the Regional and Central Office levels.  As such, Petitioner appropriately exhausted his administrative remedies.

## Discussion

Petitioner contends that his rights were violated because there was insufficient evidence to find him guilty of the particular violation and because the charges brought against him were biased, capricious, and arbitrary.   In opposition, Respondent asserts that Petitioner's due process rights were met in this case and that there was sufficient evidence to support the findings of the DHO.

Petitioner's argument that the DHO lacked sufficient evidence to find he violated Code 297 is without merit because it is based on a misunderstanding of the law.  Code 297 reads as follows:

---

[1] The Court is unaware of this inmate's full name.

> Use of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act.

28 C.F.R. § 541.3, Table 1.  Based on this language, Petitioner believes a finding that he violated Code 297 required evidence that he personally used the phone.  However, this belief is plainly mistaken given the following language which precedes the table of BOP violations:

> (a) Prohibited acts. The list of prohibited acts are divided into four separate categories based on severity: Greatest; High; Moderate; and Low. We describe the prohibited acts in Table 1--Prohibited Acts and Available Sanctions. *Aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself.*

28 C.F.R. § 541.3(a) (emphasis added).   Petitioner does not dispute that he gave Inmate Jordan his PAC number.  Thus, Petitioner does not dispute that he aided Inmate Jordan in his violation of Code 297.

Due process only requires that "some evidence supports the decision by the prison disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  This standard has certainly been met given Counselor Houston's report and Petitioner's multiple admissions. Therefore, the DHO's decision in this matter should not be overturned based on the sufficiency of the evidence.  *See Goff v. Dailey*, 991 F.2d 1437, 1442 (8th Cir. 1993) (the outcome of prisoner disciplinary proceedings will be upheld by the federal courts if it is supported by some evidence in the record).

Petitioner's second argument for habeas relief is that he was unfairly charged with a violation of Code 297 rather than Code 328.  This is because two other prisoners were allegedly charged with violations under Code 328 (giving money or anything of value to another inmate without staff authorization) for the same conduct by Counselor Houston.   Under the BOP

disciplinary policies, there are four categories of prohibited acts. 28 C.F.R. § 541.3.  Greatest category prohibited acts are designated under the 100 series; High category prohibited acts are designated under the 200 series; Moderate category prohibited acts are designated under the 300 series; and Low Moderate category prohibited acts are designated under the 400 series. *Id.*

Although Petitioner has provided evidence that Counselor Houston charged another inmate, James Hart, with violating Code 328 for similar conduct on August 31, 2008, the Court has been unable to locate the Petitioner's Exhibit E, which apparently describes an identical situation with another inmate, Michael Buchanan. (Pet.'s Trav. 3-4, DE # 12).  According to Petitioner, this discrepancy violates 28 C.F.R. § 541.10(b), which states the following:

> (2) Staff shall take disciplinary action at such times and to the degree necessary to regulate an inmate's behavior within Bureau rules and institution guidelines and to promote a safe and orderly institution environment.

> (3) Staff shall control inmate behavior in a completely impartial and consistent manner.

> (4) Disciplinary action may not be capricious or retaliatory.

The mere fact that the same guard was involved in two to three situations where prisoners were charged with different violations does not indicate that it was necessarily impartial or capricious. Petitioner has not offered any reasons why Counselor Houston would have any animus towards him, and it is unclear that any meaningful conclusions can be drawn from a lesser charge that was given to Hart five months prior.[2]  Petitioner's Incident Report Form also indicates that there had been an increase in the amount of these charges that had been occurring, so it seems logical that the elevated charge could have been a response to this increase.   There are a countless number of variables that could have factored into the decisions made by Counselor Houston and

---

[2]  It is unknown when the alleged incident with Buchanan took place.

the DHO, and it would be improper to second guess their findings based on the information available to the Court.   Accordingly, the Court finds that there was nothing capricious or retaliatory in the DHO's decision to charge Petitioner with a violation of Code 297.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (DE #1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, with prejudice.   The relief prayed for is DENIED.

SO ORDERED this 27th day of March, 2012.

_____
United States Magistrate Judge